**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2784-18T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

SERENITY A. DAVIS,

    Defendant-Appellant.

_____

Submitted June 17, 2020 – Decided July 21, 2020

Before Judges Koblitz and Gilson.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Municipal Appeal No. 2018-030.

Michael C. Meribe, PC, attorneys for appellant (Jeff Edward Thakker, of counsel; Chuma Mike Meribe, on the briefs).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Serenity A. Davis appeals from her January 22, 2019 disorderly persons conviction after a trial de novo on the record in the Superior Court. She was convicted of simple assault, N.J.S.A. 2C:12-1(a)(1) arising from an April 2017 apartment building dispute after a trial de novo on the record. She received a conditional dismissal, N.J.S.A. 2C:43-13.1, was placed on probation for one year and required to pay various financial penalties. Defendant was represented at trial before the Essex County Special Remand Court[1] by a law student under the supervision of the Office of the Public Defender (OPD). See R. 1:21-3(b). Because that law student also, at the municipal court's direction, represented defendant's mother, who was defendant's co-defendant at the joint trial, we now reverse. A lawyer, or law student acting under the direction of a lawyer, may not represent co-defendants at trial without a motion in the presence of both individuals. Such a clear conflict represents a structural defect in the trial mandating reversal.

---

[1] The Special Remand Court was established through cooperation of the Essex County criminal division, the municipal division and the Essex County municipal courts. It hears cases that involve criminal complaints that have been downgraded to disorderly persons offenses, over which the county prosecutor's office wishes to retain jurisdiction rather than return the cases to the originating municipal court. The presiding judge is a municipal court judge.

A-2784-18T3

Defendant and her mother were involved in a dispute with the residents of the first-floor apartment while trying to gain access to the second-floor apartment in a building with three apartments. We need not review the facts in any detail. They were initially charged with indictable crimes that were downgraded and sent back to the Special Remand Court where they were represented by the same private lawyer. The lawyer then stated on the record that he could not represent both defendants, choosing to continue representing defendant's mother alone. The supervised law student was appointed to represent defendant. When the mother's lawyer did not appear in court, the municipal court judge had the law student represent defendant's mother as well as defendant. Both were charged in the same incident with the same charges, which involved assault, criminal mischief and defiant trespass. Defendant's mother was acquitted of all charges while defendant was convicted of simple assault only.

Defendant raises the following issues on appeal:

> POINT I: THE LAW STUDENT'S JOINT REPRESENTATION OF MOTHER AND DAUGHTER CO-DEFENDANTS WAS PER SE INEFFECTIVE ASSISTANCE. (Not raised below.)
>
> POINT II: THE LAW DIVISIONS FINDINGS OF SERENITY A. DAVIS'[] PURPOSE, AND THE CONTENTIONS ABOUT SELF-DEFENSE, WERE

ERRONEOUS AS A MATTER OF LAW; SHE WAS ENTITLED TO AN ACQUITAL AND THIS COURT SHOULD SO RULE.

POINT III: THE NEWARK MUNICIPAL COURT, NOT THE ESSEX SPECIAL REMAND COURT, WOULD HAVE HAD JURISDICTION OVER THE DOWNGRADED CHARGES; THE LAW DIVISION'S DECISION BASED ON A RECORD OF AN ALLEGED TRIBUNAL WHICH LACKED JURISDICTION, IS A NULLITY. (Not raised below.)

We reverse based on the first point raised by defendant, which she raised for the first time on appeal. We review this argument for plain error. Under this standard, reversal of defendant's conviction is required if there was error "clearly capable of producing an unjust result." R. 2:10-2. Rule 7:7-10, which applies to the municipal court, states:

> No attorney or law firm shall enter an appearance for or represent more than one defendant in a multi-defendant trial or enter a plea for any defendant without first securing the court's permission by motion made in the presence of the defendants who seek joint representation. The motion shall be made as early as practicable in the proceedings in order to avoid delay of the trial. For good cause shown, the court may allow the motion to be brought at any time.

Defendants are entitled to the effective assistance of counsel, which requires "undivided loyalty and representation that is 'untrammeled and

unimpaired' by conflicting interests." State v. Norman, 151 N.J. 5, 23 (1997) (quoting State v. Bellucci, 81 N.J. 531, 538 (1980)).

Defendants did not privately retain the law student, nor agree on the record to be jointly represented by him, nor were they informed on the record of the possible pitfalls of sharing a lawyer.[2] Although they seemed to present a cohesive defense, both denying all charges, we have no way of knowing whether defendant's case would have been better presented by her own individual lawyer, unimpeded by concerns for her co-defendant. One lawyer should not be appointed by the court to represent co-defendants. Because clients do not select who their appointed counsel is, they cannot truly be said to have waived any potential conflict. The defendants here were not given a choice. This enforced shared counsel is a structural error, requiring reversal regardless of the fact that no objection was raised prior to appeal and no specific harm was demonstrated. See State v. Camacho, 218 N.J. 533, 549 (2014) (discussing how deprivation of counsel is a structural error).

---

[2] We note that advice from the mentor lawyer from the OPD, expressed in coarse language, was captured on the record and reflected in the transcript we reviewed. We suggest the OPD ensure that this inadvertent recording be avoided in the future.

Reversed and remanded for a new trial.  We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2784-18T3